**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 08-2075 (RWR) |
| | ) |
| JOHN A. STRAUS, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

The District of Columbia ("DC") has sued attorney John
Straus and his law firm, James E. Brown & Associates, in federal
court seeking $1,752.25 in attorney's fees under the Individuals
with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415,
claiming that the District of Columbia Public Schools ("DCPS")
was the prevailing party in an administrative proceeding that
Straus had needlessly brought and continued.  DC moves for
summary judgment.  Because DCPS was not a prevailing party, it is
Straus and his firm, not DC, who are entitled to judgment as a
matter of law.[1]

---

[1] It is beyond ironic that DC's Attorney General complains with
great flourish (<u>see</u> Defs.' Opp'n, Ex. 5 (Attorney General's press
release), Exs. 2-4 (news articles)) about lawyers who help
parents secure disabled children's rights when his client, the
DCPS, has been found repeatedly in this court to have violated
children's rights under the IDEA.  <u>See, e.g.</u>, <u>Calloway v.</u>
<u>District of Columbia</u>, 216 F.3d 1, 3 (D.C. Cir. 2000) (noting that
DCPS' failure to meet its IDEA obligations was "a fact no one
disputes"); <u>N.G. v. District of Columbia</u>, 556 F. Supp. 2d 11, 37
(D.D.C. 2008) (holding that DCPS violated the IDEA in "multiple

-2-

BACKGROUND

Straus represented a child with special educational needs who was enrolled in a DC public high school.  A DCPS multidisciplinary team convened on June 5, 2008 referred the child to DCPS for a psychiatric evaluation.  On August 15, 2008, Straus filed an administrative due process complaint on behalf of the child and his legal guardian because DCPS had not conducted the evaluation.

The sole issue presented in the administrative complaint was DCPS' failure to conduct the evaluation.  As relief, the complaint sought to have DCPS fund an independent evaluation.[2] Three business days after Straus filed the complaint, DCPS authorized Straus to obtain an independent evaluation at DCPS' expense.  A hearing officer later dismissed the complaint with prejudice since DCPS' authorization mooted the sole issue.  The hearing officer added his conclusions that Straus had filed the

_____

ways"); Alfono v. District of Columbia, 422 F. Supp. 2d 1, 5-8 (D.D.C. 2006) (granting the plaintiff's motion for summary judgment because DCPS failed to complete the child's individualized educational plan before the start of the school year); Blackman v. District of Columbia, 185 F.R.D. 4, 7 (D.D.C. 1999) (recounting "the serious physical, emotional and educational difficulties that the plaintiffs face[d] as a result of [DC's] failure to comply with the IDEA").  It is particularly unclear how the Attorney General's choice to sue in federal court to recover $1,752.25, and not sue in the more streamlined and far less costly Small Claims Branch of our D.C. Superior Court, furthers his interest in saving taxpayer money.

[2] Other relief sought included attorney's fees and costs, and designation of Straus' client as the prevailing party.

-3-

complaint without foundation and had groundlessly maintained the
litigation after it became moot.  DC moves for summary judgment.

DISCUSSION

Summary judgment may be granted only where "the pleadings,
the discovery and disclosure materials on file, and any
affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of
law."  Fed. R. Civ. P. 56(c).  The relevant inquiry "is the
threshold inquiry of determining whether there is a need for a
trial -- whether, in other words, there are any genuine factual
issues that properly can be resolved only by a finder of fact
because they may reasonably be resolved in favor of either
party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250
(1986).

The IDEA permits a court, in its discretion, to award
attorney's fees

> to a prevailing party who is a State educational agency
> or local educational agency against the attorney of a
> parent who files a complaint or subsequent cause of
> action that is frivolous, unreasonable, or without
> foundation, or against the attorney of a parent who
> continued to litigate after the litigation clearly
> became frivolous, unreasonable, or without foundation.

20 U.S.C. § 1415(i)(3)(B)(i)(II).  DC argues that there are no
material facts in dispute and that it is entitled to an award of
attorney's fees against Straus and his firm as a matter of law.
It claims that "DCPS was plainly the prevailing party" given that

the hearing officer dismissed the complaint (Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Mem.") at 10), and that the hearing officer's added conclusions that Straus needlessly filed and maintained the complaint are entitled to res judicata effect. (Id. at 9.)

DC's assertion that the hearing officer's gratuitous conclusions are binding upon this court is unavailing.  Whether Straus needlessly filed or maintained the administrative litigation arguably was not an issue presented in the complaint or litigated by the parties.  Although the administrative complaint's seventeenth of seventeen requests for relief that DC says Straus extruded from DCPS's alleged violation was that Straus's client be found to be a prevailing party (Pl.'s Mem. at 5), the only issue before the hearing officer, as he made clear (Pl.'s Mem., Ex. C, Hearing Officer's Decision at 3 ¶ 1) and as DC concedes (Pl.'s Mem. at 5-6, 16), was "whether . . . DCPS failed to conduct a psychiatric evaluation."  (Defs.' Opp'n at 7.)  In any event, as DC also concedes (Pl.'s Mem. at 10), it is the district court in an action such as this, and not the hearing officer in the administrative proceeding, which determines prevailing party status for purposes of awarding attorney's fees under the IDEA.  See Artis ex rel. S.A. v. District of Columbia, 543 F. Supp. 2d 15, 22 (D.D.C. 2008) (holding that "[a]lthough a hearing officer may make a prevailing party determination, it is

-5-

in the province of the district court to make the ultimate
decision as to who prevailed in an IDEA action" for the purpose
of awarding attorney's fees); T.S. ex rel. Skrine v. District of
Columbia, Civil Action No. 05-861 (HHK), 2007 WL 915227, at *4
(D.D.C. Mar. 27, 2007) ("The fact that a hearing officer has made
a finding on the issue [of attorney's fees], or has failed to
make such a finding, is not controlling.").

More importantly, however, DC was not a prevailing party in
the administrative proceeding.  In Buckhannon Board & Care Home,
Inc. v. West Virginia Department of Health and Human Resources,
532 U.S. 598 (2001), the Supreme Court concluded that a
prevailing party is one who obtains a "judicially sanctioned
change in the legal relationship of the parties."[3] Id. at 605.
"Buckhannon rejected the catalyst theory under which . . . 'a
plaintiff is a 'prevailing party' if it achieves the desired
result because the lawsuit brought about a voluntary change in
the defendant's conduct[.]'" Davy v. CIA, 456 F.3d 162, 164
(D.C. Cir. 2006) (quoting Buckhannon, 532 U.S. at 601-02).
"Instead, the Court held [that] a plaintiff is a prevailing party
only if he has 'received a judgment on the merits. . . .  Thus, a
defendant's 'voluntary change in conduct, although perhaps
accomplishing what the plaintiffs sought to achieve by the

---

[3] When applying the Buckhannon definition of a "prevailing party"
to IDEA administrative proceedings, relief provided by a hearing
officer serves as "judicially sanctioned" relief.  See T.S. ex
rel. Skrine, 2007 WL 915227, at *4.

-6-

lawsuit, lacks the necessary judicial imprimatur on the change.'"
Id. (quoting Buckhannon, 532 U.S. at 605 (emphasis in original)).

Reported IDEA cases in this circuit decided after Buckhannon
have assessed whether parent plaintiffs are prevailing parties
entitled to attorneys fees.  The court of appeals has concluded
that "[u]nder Buckhannon it is clear that [an IDEA] plaintiff
'prevails' only upon obtaining a judicial remedy that vindicates
its claim of right."  District of Columbia v. Jeppsen, 514 F.3d
1287, 1290 (D.C. Cir. 2008).  Likewise, at least one three-prong
test has emerged in the district court: "[t]o obtain 'prevailing
party' status, the plaintiff must show first that there was a
court-ordered change in the legal relationship between the
plaintiff and the defendant; second, that the judgment was
rendered in the claimant's favor; and third, that the claimant
was not a prevailing party merely by virtue of having acquired a
judicial pronouncement rather than judicial relief."  Robinson v.
District of Columbia, Civil Action No. 06-1253 (RCL), 2007 WL
2257326, at *4 (D.D.C. Aug. 2, 2007).

However, the D.C. Circuit has not ruled on what the proper
test is to determine whether DCPS as a defendant in an IDEA
administrative proceeding is a prevailing party.  While it is
clear that the statute contemplates that either side is eligible
to be a prevailing party, it is not clear that the common tests
applied to parents in IDEA cases are also fitting for the DCPS.

Parents file complaints because they are seeking a judicially-
sanctioned change in the legal relationship between the child and
DCPS.  When they achieve that through a hearing officer's
decision, they meet the first prong of the test articulated in
Robinson.  However, DCPS as a defendant cannot usually be
expected to seek such a change in defending against a complaint.
When DCPS opposes a complaint by disputing that its action or
inaction violated the IDEA, it seeks an affirmation that the
status quo complies with IDEA and a disposition reflecting that
affirmation.  Of course, DCPS might also seek some favorable
disposition on other procedural or jurisdictional grounds such as
a lack of timeliness or ripeness of a complaint, or loss of
jurisdiction if a child has relocated out of the district.  If
DCPS prevails, a sanctioned change is not what can be expected
from the hearing officer's decision and should not be what DCPS
is required to show to qualify for prevailing party status.

Jeppson discusses the varying post-Buckhannon tests employed
by other circuits to determine prevailing party status.  See 514
F.3d at 1290.  The First and Second Circuits require a party to
receive a favorable judgment on the merits.  See id. (citing
Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 164-65 (1st Cir.
2007) and Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101-02 (2d
Cir. 2006)).  On the other hand, the Tenth Circuit, citing a pre-
Buckhannon Seventh Circuit decision, decided that a defendant

could be a prevailing party upon obtaining a dismissal based upon a jurisdictional ground even if the dismissal did not speak to the merits of the plaintiff's claim.  See id. (citing United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1056-58 (10th Cir. 2004) (relying on Citizens for a Better Env't v. Steel Co., 230 F.3d 923 (7th Cir. 2000))).

Whatever the proper test is or should be for whether DCPS is a prevailing party, it cannot be that what DCPS advocates satisfies it.  To its credit, DCPS voluntarily corrected the only wrong complained of in the child's due process complaint here early on.  That should certainly entitle DCPS to avoid liability for paying plaintiffs' attorney's fees.  But DCPS grabs for more. After it successfully mooted the complaint and got the complaint dismissed for mootness, DCPS turned around and ran into district court claiming prevailing party status and seeking attorney's fees.

Permitting a school system defendant to claim prevailing party status because it voluntarily corrected the wrong complained of before judgment would be a perverse result that would stand the statute on its head.  While it could in theory create an incentive for schools to engage in prompt corrective action, it would punish plaintiffs who were right to complain about the wrongs the schools committed.  Buckhannon's conclusion that a defendant's voluntary conduct providing the relief sought

by the plaintiff "lacks the necessary judicial <u>imprimatur</u>" to permit a plaintiff to claim prevailing party status, 532 U.S. at 605, does not convey prevailing party status upon a defendant who secures a dismissal for mootness brought on by the defendant's voluntary conduct providing the relief sought by the plaintiff and ending the controversy.

Because the administrative complaint was dismissed as moot as a result of DC's voluntary authorization of the requested evaluation, DCPS was not the prevailing party and it is not entitled to attorney's fees under the IDEA. Thus, DC's motion for summary judgment will be denied. Furthermore, because there are no disputed facts left to be resolved, and it is Straus and his law firm who are entitled to judgment as a matter of law, judgment will be entered for the defendants. <u>See</u> 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2720 (1998) (noting that summary judgment may be granted in favor of the nonmoving party without waiting for a cross-motion); <u>Keh Tong Chen v. Attorney Gen.</u>, 546 F. Supp. 1060, 1068 (D.D.C. 1982) ("Filing of a cross-motion is not a prerequisite to the entry of judgment for the non-moving party.")

CONCLUSION

Because DC was not a prevailing party at the administrative level, it is not entitled to attorney's fees under the IDEA. Accordingly, its motion for summary judgment will be denied and

-10-

judgment will be entered for the defendants.  A final, appealable

order accompanies this Memorandum Opinion.

SIGNED this 14th day of April, 2009.

```
_____/s/_____
RICHARD W. ROBERTS
United States District Judge
```