UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DISTRICT OF COLUMBIA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-2075 (RWR) |
| JOHN A. STRAUS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The District of Columbia ("DC") unsuccessfully sued attorney John Straus and his law firm, James E. Brown & Associates, seeking attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, claiming that the District of Columbia Public Schools ("DCPS") was the prevailing party in an administrative proceeding that Straus had needlessly brought and continued. The defendants now seek attorneys' fees under Federal Rule of Civil Procedure 54(d), arguing that DC acted in bad faith throughout the course of the litigation. Because the defendants have not established that DC's efforts were undertaken in bad faith, their petition for fees will be denied.

BACKGROUND

In the underlying action, Straus represented a child with special educational needs who was enrolled in a DC public high

school.  A DCPS multidisciplinary team referred the child to DCPS for a psychiatric evaluation.  Because DCPS failed to conduct the evaluation, Straus filed an administrative due process complaint on behalf of the child and his legal guardian.  The complaint sought to have DCPS fund an independent evaluation.  Three business days after Straus filed the complaint, DCPS authorized Straus to obtain an independent evaluation at DCPS' expense.  Thereafter, a hearing officer dismissed the complaint with prejudice on the ground that DCPS' authorization mooted the issue.  The hearing officer added his conclusions that Straus had filed the complaint without foundation and had groundlessly maintained the litigation after it became moot.  DC then brought this action and moved for summary judgment, claiming that DCPS was the prevailing party in the administrative proceeding and it therefore was entitled to attorneys' fees.  However, judgment as a matter of law was entered in the defendants' favor because DCPS was not a prevailing party.  DC appealed the decision, the D.C. Circuit affirmed, and the defendants now move under Rule 54(d) for attorneys' fees, arguing that DC brought and pursued this action in bad faith and therefore they are entitled to a fee award.  DC opposes the motion, disputing that defendants have demonstrated any bad faith.

DISCUSSION

"In the United States, parties are ordinarily required to bear their own attorney's fees -- the prevailing party is not entitled to collect from the loser." Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Servs. ("Buckhannon"), 532 U.S. 598, 602 (2001); see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). "Under this 'American Rule,' we follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" Buckhannon, 532 U.S. at 602 (quoting Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994)). Numerous statutes, including the IDEA, provide for an award of attorneys' fees for the prevailing party. That party may move under Rule 54(d) for a fees award by specifying "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(A), (B)(ii).

When there is no statutory authorization for such an award, a court may "consider whether the requested fee award [falls] within any of the exceptions to the general 'American Rule[.]'" Alyeska Pipeline Serv. Co., 421 U.S. at 245. In Alyeska, the Supreme Court set forth these common law exceptions, which include circumstances "where a party has brought an action as a trustee of a fund or property or to preserve or recover a fund for the benefit of others in addition to himself" or where the

non-movant has acted in "bad faith." <u>In re Antioch Univ.</u>, 482 A.2d 133, 136 (D.C. 1984) (internal quotation marks omitted). "Legal fees may . . . be levied against a party who has willfully disobeyed a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Id</u>. (internal quotation marks omitted); <u>see also</u> <u>Hall v. Cole</u>, 412 U.S. 1, 5 (1973); <u>Am. Hosp. Ass'n v. Sullivan</u>, 938 F.2d 216, 219 (D.C. Cir. 1991); <u>Ellipso, Inc. v. Mann</u>, 594 F. Supp. 2d 40, 43 (D.D.C. 2009). Notwithstanding these exceptions, "courts do not have 'roving authority' to allow counsel fees whenever deemed warranted." <u>In re Antioch Univ.</u>, 482 A.2d at 136 (quoting <u>Alyeska Pipeline Serv. Co.</u>, 421 U.S. at 260).

"Bad faith can support an award of attorneys' fees in circumstances where the bad faith (1) occurred in connection with the litigation, or (2) was an aspect of the conduct giving rise to the lawsuit." <u>Am. Hosp. Ass'n</u>, 938 F.2d at 219. Bad faith occurring in connection with the litigation can include "the filing of a frivolous complaint or meritless motion, . . . or discovery-related misconduct." <u>Id.</u> at 219-20 (internal citations omitted). "Bad faith in conduct giving rise to the lawsuit may be found where 'a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain

legal rights.'" Id. at 220 (quoting Fitzgerald v. Hampton, 545 F. Supp. 53, 57 (D.D.C. 1982)).  Further, "the substantive standard for a finding of bad faith is 'stringent' and 'attorneys' fees will be awarded only when extraordinary circumstances or dominating reasons of fairness so demand.'" Ass'n of Am. Physicians and Surgeons, Inc. v. Clinton, 187 F.3d 655, 660 (D.C. Cir. 1999) (quoting Nepera Chem., Inc. v. Sea-Land Serv., Inc., 794 F.2d 688, 702 (D.C. Cir. 1986)).  "[T]he finding of bad faith must be supported by 'clear and convincing evidence[.]'"  Id. (quoting Shepherd v. Am. Broad. Cos., Inc., 62 F.3d 1469, 1476-78 (D.C. Cir. 1995)).  This "'generally requires the trier of fact, in viewing each party's pile of evidence, to reach a firm conviction of the truth on the evidence about which he or she is certain.'"  Id. (quoting United States v. Montague, 40 F.3d 1251, 1255 (D.C. Cir. 1994)).

The defendants advance three main arguments to establish bad faith.[1]  The defendants complain that DC's Attorney General contacted the press and "provide[d] interviews to the Washington Post and the City Paper" about filing this case, thereby "cho[osing] to make this matter a media event[.]"  (Defs.' Reply at 3.)  It is hardly a novel concept, much less evidence of bad

---

[1]  The defendants offer no support for their conclusory allegation that DC brought this litigation based on a baseless claim (Defs.' Reply at 4), nor have defendants argued that DC filed any meritless motions during the course of litigation, or that DC committed any discovery-related misconduct.

faith, that a jurisdiction's chief law enforcement officer would choose to make public his initiatives.  The defendants also argue that DC had no "interest [in] resolving this matter amicably, adumbrating that it wanted a decision and thereafter . . . refus[ing] seriously [to] engage in settlement discussions." (Id.)  That a party in litigation chooses to seek a decision on the merits as opposed to settle the case does not alone establish bad faith or necessarily reflect an illegitimate litigation strategy.  Defendants' final argument -- that DC's decision to appeal the judgment against it shows bad faith (id.) -- wholly lacks merit and warrants no discussion.  DC's efforts here reflected zealous, if misguided, advocacy, but the defendants have made no showing meeting the stringent standards required to establish bad faith.  Thus, defendants are not entitled to attorneys' fees, and their petition for fees therefore will be denied.

## CONCLUSION

Because the defendants fail to make a factual showing of bad faith by DC, their petition for attorneys' fees will be denied. A final, appealable Order accompanies this Memorandum Opinion.

SIGNED this 12th day of April, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge